UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MERITA MUKA, ILIRIAN MUKA,
LIONELA MUKA, and BRAJEN MUKA

                          Petitioners,        CIVIL CASE NO. 06-15619

v.

                                            HONORABLE PAUL V. GADOLA
ROBIN BAKER, District Director, Immigration    U.S. DISTRICT COURT
and Customs Enforcement, *et al.*,

                          Respondents.
_____/

**ORDER DISMISSING PETITION FOR LACK OF JURISDICTION
AND VACATING ORDER OF STAY OF DEPORTATION OR REMOVAL**

**I. Background**

On December 15, 2006, Petitioners Ms. Merita Muka, Mr. Ilirian Muka, Ms. Lionela Muka, and Mr. Brajen Muka ("Petitioners" or "the Mukas"), filed a Petition for Writ of Habeas Corpus and Request for Immediate Stay of Removal, pursuant to 28 U.S.C. § 2241. On December 20, 2006, the Court directed service of the petition on the Government and ordered the Government to file a response. *See* docket entry # 2. The Court also ordered that the removal or deportation of Petitioners be stayed until the resolution of the matter. *Id.* The Government filed a response on December 26, 2006 and Petitioners filed a reply on January 3, 2007. For the following reasons, the Court will dismiss Petitioners' Petition and vacate the Court's previous order to stay the deportation or removal of Petitioners.

On September 15, 1999, Petitioner Lionela Muka, a citizen and native of Albania, entered the United States of America without inspection. The remaining Petitioners, also citizens and

natives of Albania, entered the country on October 17, 1999 by presenting fraudulent passports. Petitioners applied for asylum and a hearing on the applications was held on April 30, 2002. On May 30, 2003, all forms of relief were denied and the Mukas were found to be removable. The Board of Immigration Appeals ("BIA") affirmed the immigration judge's findings on November 1, 2004. Petitioners then sought review by the Court of Appeals for the Sixth Circuit. Reviewing the matter, the Court of Appeals agreed with the BIA and denied the petition for review. *Muka v. Gonzalez*, 179 Fed. Appx. 343 (6th Cir. 2006).

Petitioners now seek relief in this Court, pursuant to 28 U.S.C. § 2241. Petitioners argue that because Petitioner Merita Muka's brother, a United States citizen, filed a Petition for Alien Relative (Form I-130) on her behalf and that application was approved on July 1, 2002, "the family will be eligible for adjustment of status under 8 U.S.C. § 1255(i) when an immigrant visa becomes available." Pet. ¶ 2. Therefore, Petitioners ask this Court to "review the lawfulness of the order of removal entered against them," including the order of the Sixth Circuit so that they may remain in the country until an immigrant visa is available. *Id.* ¶¶ 1-2. Petitioners assert various arguments in support of their claims, arguing that removal violates Procedural and Substantive Due Process rights, and is in violation of their statutory rights.

**II. Law and Analysis**

Petitioners claim that this Court has jurisdiction to review Petitioners' removal based upon 28 U.S.C. § 2241, the general grant of habeas jurisdiction bestowed upon the federal district courts. *See* Pet. ¶ 21. Petitioners argue that they are "entitled to habeas review of their threatened removal" and that to deny habeas review in the present case would be to improperly suspend the constitutional guarantee of the availability of the writ of habeas corpus. *See* U.S. Const. art. 1, § 9, cl. 2.

The Court does not find Petitioners' arguments persuasive. The REAL ID Act of 2005 greatly restricted the availability of judicial review of removal orders. Title 8, section 1252(b)(9) provides:

> (9) Consolidation of questions for judicial review
> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. *Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28*, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), *to review such an order or such questions of law or fact*.

8 U.S.C. § 1252(b)(9)(emphasis added).

Furthermore, § 1252(g) states:

> (g) Exclusive jurisdiction
> *Except as provided in this section* and notwithstanding any other provision of law (statutory or nonstatutory), *including section 2241 of title 28*, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.*

8 U.S.C. § 1252(g)(emphasis added).

Therefore, to the extent that Petitioner has filed a petition pursuant to 28 U.S.C. § 2241 to "review the lawfulness of the order of removal entered against them," Pet. ¶¶ 1-2, it is abundantly clear that absent a grant of authority elsewhere in the section, the Court is expressly excluded from considering a petition for a writ of habeas corpus. After examining the other provisions of the section, it is obvious that no other section grants this Court the authority to entertain Petitioners' petition. Title 8, section 1252(a)(5) provides:

> (5) Exclusive means of review
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal* . . . For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5)(emphasis added).

Consequently, the clear and unambiguous language of the statute deprives this Court of jurisdiction to grant the relief that Petitioners request. *See Kellici v. Gonzales*, 472 F.3d 416, 418 (6th Cir. 2006)("In short, this statute deprives the district court of jurisdiction over habeas petitions challenging "final administrative order[s] of removal, deportation, or exclusion."); *Maxwell v. Board of Immigration Appeals*, 2006 WL 2987718 (N.D. Ohio 2006) ("As a result [of the REAL ID Act], § 1252 now precludes all review, including habeas, in district courts."). Therefore, this Court lacks the jurisdiction to consider Petitioners' petition; a review of the removal order is available, if at all in this instance, only in the Court of Appeals. 8 U.S.C. § 1252(a)(5). *See also Ablahad v. Gonzales*, 230 Fed. Appx. 563, 567, n.3 (6th Cir. 2007) (citing *Almuhtaseb v. Gonzales*, 453 F.3d 743, 747 (6th Cir. 2006)); *Elia v. Gonzales*, 431 F.3d 268, 273, n.5 (6th Cir. 2005); *Tilley v. Chertoff*, 144 Fed. Appx. 536-38 (6th Cir. 2005).

Finally, Petitioners' assertion that the denial of habeas review in the present case would be in violation of the Suspension Clause, *see* U.S. Const. art. 1, § 9, cl. 2, is also incorrect. As the Court of Appeals for the Third Circuit has stated:

> [T]here is no question that the current regime, in which aliens may petition for

review in a court of appeals but may not file habeas, is constitutional. This is because "the substitution of a new collateral remedy which is both adequate and effective" satisfies the requirements of the Suspension Clause. *Swain v. Pressly*, 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977).

*Kolkevich v. Attorney General of the United States*, --- F.3d ----, 2007 WL 2505584 at *9 (3d Cir. Sept. 6, 2007). Additionally, the Court of Appeals for the Eleventh Circuit has stated:

> Section 106 of the REAL ID Act [amending 28 U.S.C. § 1252] does not violate the Suspension Clause of the Constitution because it provides, through review by a federal court of appeals, an adequate and effective remedy to test the legality of an alien's detention. Even though habeas corpus relief is precluded by the REAL ID Act, a deportable alien can still seek review of constitutional and legal claims by moving the BIA to reopen or reconsider its previous ruling, and if unsuccessful, by filing a petition for review in the court of appeals. See 8 C.F.R. § 1003.2(c); 8 U.S.C. § 1252(a)(5), (2)(D). This procedure offers the same review as that formerly afforded in habeas corpus which provided legal, but not factual or discretionary, determinations. *See Cadet* [*v. Bulger*], 377 F.3d [1173,]1184 [(11th Cir. 2004)]. Since the substitute remedy of a petition for review offers the same scope of review as a habeas remedy, it is adequate and effective. *See Swain* at 381-82, 97 S.Ct. at 1229-30.

*Alexandre v. United States Attorney General*, 452 F.3d 1204, 1206 (11th Cir. 2006). *See also Zundel v. Gonzales*, 230 Fed. Appx. 468, 473 (6th Cir. 2007)("Finally, petitioner has not shown that a petition for review fails to provide an adequate opportunity for review of his challenge to his removal and is therefore an inadequate substitute for the writ, such that treating the habeas petition as a petition for review would result in a violation of the Suspension Clause." (citing *Swain*, 430 U.S. at 381)).

In the present case, Petitioners have already sought a review of the BIA's decision by the Sixth Circuit. *See Muka v. Gonzalez*, 179 Fed. Appx. 343 (6th Cir. 2006). The Court of Appeals conducted the review, agreed with the BIA, and denied the petition for review. *Id.* Accordingly, Petitioners' argument that the denial of their petition for a writ of habeas corpus would be in

violation of the Suspension Clause is without merit; Petitioners have been afforded an adequate avenue for review of their challenge to the order of removal.

### III. Conclusion

Accordingly, for the reasons set forth above,

**IT IS HEREBY ORDERED** Petitioners' petition for a writ of habeas corpus [docket entry #1] is dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the order granting a stay of Petitioners' deportation or removal [docket entry #2] is vacated.

**SO ORDERED.**

Dated:  October 18, 2007    s/Paul V. Gadola
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  October 18, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Robert W. Haviland; Marshal E. Hyman , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                                       .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845